UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DALLAS WAYNE SMITH,  CIVIL NO. 04-3897 (MJD/JSM)

    Petitioner,

v.  REPORT AND RECOMMENDATION

TERRY CARLSON, Warden,

    Respondent.

This matter is before the undersigned United States Magistrate Judge on petitioner, Dallas W. Smith's, Petition for Habeas Corpus relief under 28 U.S.C. § 2254. [Docket No. 1]. Petitioner alleges that he is being detained unlawfully because of errors committed by the state trial court in violation of federal law and the Constitution. Respondent has filed an Answer in Opposition to the Petition for Writ of Habeas Corpus [Docket No. 5]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). The Petitioner appears pro se. Respondent appears by Michael A. Hatch, Minnesota Attorney General, and Kimberly Parker, Assistant Hennepin County Attorney.

For the reasons discussed below, it is recommended that Petitioner's Application for a Writ of Habeas Corpus [Docket No. 1] be dismissed with prejudice.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner was tried by a jury on May 21-23, 2002 on the charges of first-degree criminal sexual conduct involving force and coercion, first-degree criminal sexual conduct involving great bodily harm, second-degree criminal sexual conduct and third

degree criminal sexual conduct. The jury found Petitioner guilty of first-degree criminal sexual conduct. The jury also found Petitioner guilty of second and third-degree criminal sexual conduct. On July 15, 2002, Petitioner was sentenced to 146 months of imprisonment.

Petitioner appealed his conviction and sentence to the Minnesota Court of Appeals. Petitioner argued that (1) he received ineffective assistance of counsel on the grounds that trial counsel conceded that Petitioner had sexual intercourse with the victim where that concession was inconsistent with the trial testimony, trial counsel stipulated to the admission of DNA evidence in a manner inconsistent with state law; trial counsel did not provide him notes from witness interviews, and trial counsel failed to investigate the felony conviction of the victim; (2) the trial court erred when it denied his discovery motion to compel an in camera inspection of his victim's privileged medical records relating to her mental health and emotional condition; (3) that his trial was "marred" by prosecutorial misconduct; (4) there was insufficient evidence to support his conviction; (5) that various witnesses gave false testimony; and (6) that the trial court coerced the jury in making a rushed decision. See Appellant's Brief to the Minnesota Court of Appeals; see also Pro Se Supplemental Brief.

The Minnesota Court of Appeals concluded that the Petitioner's ineffective assistance of trial counsel claim was without merit. See State v. Smith, No. C7-02-1803, 2003 WL 21694251 at *2-3 (Minn. Ct. App. July 22, 2003). In addition, the Court of Appeals found no abuse of discretion for the district court's decision to deny Petitioner's discovery motion to compel an in camera inspection of his victim's privileged medical records relating to her mental health and emotional condition. Id. at *3. The Court of Appeals also found Petitioner's pro se arguments (prosecutorial misconduct,

insufficient evidence, false testimony by state witnesses) were without merit. Id. at *4. The Court of Appeals affirmed the conviction.

In Petitioner's Petition for Review to the Minnesota Supreme Court, he raised the following issues: (1) ineffective assistance of counsel on the grounds that trial counsel conceded that Petitioner had sexual intercourse with the victim where that concession was inconsistent with the trial testimony and trial counsel stipulated to the admission of DNA evidence in a manner inconsistent with state law; and (2) that the trial court erred when it denied his discovery motion to compel an in camera inspection of his victim's privileged medical records relating to her mental health and emotional condition. The Minnesota Supreme Court denied review on October 21, 2003.

On or about January 15, 2004, Petitioner moved the trial court for post-conviction relief. Petitioner asked that the judgment of conviction and sentence be vacated and set aside for the following reasons: (1) ineffective assistance of appellate counsel; (2) that his Sixth Amendment right to confrontation was violated because the State presented the statement of a witness who was not present at the trial; (3) prosecutorial conduct; and (4) wrongful admission of hearsay evidence as an excite utterance from the victim. The State of Minnesota argued that Petitioner's requested post-conviction relief was not available, in part, because Petitioner had not raised many of the issues on appeal. In an order dated April 8, 2004, the district court concluded that Petitioner was not entitled to any of the requested relief under the post-conviction remedy statute, Minn. Stat. § 590.01 et seq. Petitioner did not appeal this decision.

On August 27, 2004, Petitioner filed his Petition for Habeas relief in this Court. In his first ground for relief, Petitioner alleged that he was denied his Sixth Amendment right to confrontation. See Petition, ¶ 12(A). In support of this allegation, he stated that

he was denied the ability to introduce impeachment evidence regarding the State's witnesses. Id. In his second claim for relief, Petitioner alleged that he was denied effective assistance of counsel based on the confrontation clause because his trial attorney did not object to the statement of a witness who did not appear at trial. Id., ¶ 12(B). In particular, Petitioner argued that when the prosecution kept asking a State witness about the statement of an uncalled witness, his trial counsel objected twice on hearsay grounds but should have objected on the confrontation clause. Id. In his third ground for relief, Petitioner alleged that the two of the state's witnesses provided false testimony. Id., ¶ 12(C). In particular, Petitioner alleged that two witnesses gave contradictory testimony regarding the facts at issue as compared to those facts they initially had provided. Id.

In his fourth ground for relief, Petitioner alleged that there was insufficient evidence present to support his conviction. Id., ¶ 12(D). In support of this allegation, Petitioner asserted:

> [The victim's] in court testimony was inconsistent with her first statement she gave. Her first statement she said she was first attacked in an alley let go then attacked again. That's when the sexual assault occurred, but nothing is said about an alley. During direct examination. The on cross-examination she contradicted parts of her testimony.

Id.

In response to Petitioner's application for a writ of habeas corpus, Respondent argued that Petitioner's ineffective assistance of counsel claim based on the confrontation clause and his Sixth Amendment claim have not been exhausted. See Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus ("Resp.'s

Mem.") at p. 4.¹  In addition, Respondent asserted that the Petition must be dismissed because Petitioner failed to present to the Minnesota Supreme Court the federal nature of any of his claims.  Id. at p. 5.

## II.   DISCUSSION

It is well-established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies.  28 U.S.C. § 2254(b); see also O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  See O'Sullivan, 526 U.S. at 844; see also Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

To exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court before seeking relief in federal court.  See O'Sullivan, 526 U.S. at 845; see also; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the Petitioner has fairly presented his federal constitutional claims to the state court") (citation omitted).

Here, as Petitioner has acknowledged, he has failed to exhaust his claim that he was denied his Sixth Amendment right to confrontation and the ineffective assistance of trial counsel claim based on the confrontation clause.²  See Petition, ¶ 13.  Petitioner did

---

¹   Respondent acknowledged that Petitioner raised his false testimony and insufficiency of evidence claims before the Minnesota Court of Appeals and Minnesota Supreme Court.  See Resp.'s Mem. at p. 4.

²   According to Petitioner, he did not raise these issues until he conducted further research on his constitutional rights.  See Petition, ¶ 13.

not raise these claims on direct appeal, nor did he raise these claims in his motion for post-conviction relief.  In addition, although Petitioner raised the claims of false testimony and insufficiency of evidence to convict him on his direct appeal to the Court of Appeals, Petitioner never fairly presented anything to this Court that would have alerted it to the presence of a federal claim.[3]  A federal claim is fairly presented to the state courts if "the applicant for a writ of habeas corpus refer[s] to 'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts."  Kelly v. Trickey, 844 F.2d 557, 558 (8th Cir. 1988) (quoting Martin v. Solem, 801 F.2d 324, 330 (8th Cir. 1986)) (citation omitted).  In this case, Petitioner did not put the Court of Appeals or the Minnesota Supreme Court on notice of the federal nature of any of his claims.  In this regard, the arguments made in Petitioner's Pro Se Reply Brief, his Supplemental Brief, and again in his Petition for Review of the Court of Appeal's Decision cited to no specific constitutional right, and cited to no federal constitutional case.  Nor did Petitioner cite to any case law indicating that the case was decided on federal grounds.  Further, the Court of Appeals' decision relating to these claims makes no mention of any constitutional principle or right.  See Smith, 2003 WL 21694251 at *4.  As such, Petitioner's false testimony and insufficient evidence claims are also unexhausted as Petitioner never fairly presented the federal nature of his claims to the state courts.  In summary, this Court concludes that Petitioner has failed to exhaust any of the four claims stated in his Petition.

When a prisoner has not exhausted his state court remedies with respect to some particular claim, and state procedural rules preclude any further attempts to

---

[3]  Petitioner did not raise these issues at all in his Petition for Review to the Minnesota Supreme Court.

satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997). A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice"[4] if the federal court declined to consider the claim. Coleman, 501 U.S. at 750.

Here, Petitioner's Sixth Amendment right to confrontation claim as it pertained to his inability to introduce impeachment evidence,[5] and his ineffective assistance of trial counsel claim based on the confrontation grounds have been procedurally defaulted because they were not raised on direct appeal nor in a post-conviction motion. Petitioner's false testimony and insufficient evidence claims, have also been procedurally defaulted because the federal nature of those claims were not raised in Petitioner's direct appeal, and because it is now too late for Petitioner to return to the state courts and attempt to raise those claims in some new state court proceeding. "Minnesota law provides that once the petitioner has directly appealed his sentence 'all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.'" McCall, 114 F.3d at 757 (citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn.

---

[4] The "fundamental miscarriage of justice" exception is available upon a "showing, based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996)(quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).

[5] This Court notes that Petitioner did raise his right to confrontation under the Sixth Amendment in his post-conviction motion with regards to his claim that the trial court violated his rights when it allowed the prosecutor to discuss a statement of an uncalled witness.

1995)); see also Shmelev v. Dingle, No. 03-3315(JRT/SRN), 2005 WL 388608, at *2 (D. Minn. Feb. 11, 2005) (citations omitted) ("Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any other claims that could have been raised on appeal."). Thus, under Minnesota's procedural rules, Petitioner is now barred from bringing his claims in a new state post-conviction proceeding or to an appellate court. Therefore, Petitioner's claims for relief have been procedurally defaulted.

The only remaining issue with regards to Petitioner's claims is whether he has shown cause and prejudice, or actual innocence, to excuse his procedural default.

In order to satisfy the "cause" requirement, a prisoner must show that some external impediment prevented him from presenting his claims to the state's highest court in a procedurally proper manner. Coleman, 501 U.S. at 753 ("'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him . . . [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available... or that some interference by officials made compliance impracticable'") (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis in the original).

In this case, the Court finds no external cause for Petitioner's procedural default. Petitioner argued in his Petition that he did not raise his Sixth Amendment claim right to confrontation as it pertained to being able to introduce impeachment evidence, and his ineffective assistance of counsel claim based on the confrontation clause because he had not conducted legal research to know what his constitutional rights were. See Petition, ¶ 13. Even if this assertion is true, there is no evidence that Petitioner has provided to the Court showing that he could not have done research on his

constitutional rights prior to his appeal in state court. In addition, Petitioner has offered no explanation as to why he did not put any of the Minnesota Courts on notice of the federal nature of his claims. Thus, the Court finds that Petitioner has failed to show any acceptable cause to excuse his procedural default.[6] Lastly, Petitioner has offered no new evidence proving that he is, in fact, innocent of the crimes for which he was convicted. As such, Petitioner cannot overcome his procedural default by way of the "fundamental miscarriage of justice" (actual innocence) exception.

### III.   RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that this action be dismissed with prejudice.

Date:  January 4, 2006

s/ *Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

### NOTICE

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 23, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[6]   Because Petitioner has not satisfied the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (citations omitted) (when petitioner "has not shown adequate cause to overcome the procedural bar . . . we need not consider the issue of actual prejudice").