UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

DALLAS WAYNE SMITH,

          Petitioner,

v.                          **ORDER**
                       Civil File No. 04-3897 (MJD/JSM)

TERRY CARLSON,
Warden,

          Respondent.

_____

Dallas Wayne Smith, pro se.

Kimberly Parker, Assistant Attorney General for Respondent.
_____

**I.      INTRODUCTION**

This matter is before the Court on Petitioner Dallas Wayne Smith's ("Petitioner") Request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253 and application to proceed in forma pauperis. Petitioner filed a habeas petition challenging the validity of his detention by the State of Minnesota in accordance with 28 U.S.C. § 2254. [Docket No. 1.]  On January 4, 2006, the Honorable Janie S. Mayeron, United States Magistrate Judge, recommended that the petition be dismissed with prejudice. [Docket No. 11.]  Petitioner filed an objection to the Magistrate Judge's Report and

Recommendation. [Docket No. 12.] On February 22, 2006, this Court adopted the Report and Recommendation and dismissed the petition with prejudice. [Docket No. 14.]

## II. BACKGROUND

Petitioner was convicted of first-degree criminal sexual conduct in May of 2002. He appealed his conviction to the Minnesota Court of Appeals, arguing that: 1) he received ineffective assistance of counsel; 2) the trial court erred when it denied his discovery motion to compel an <u>in camera</u> inspection of the victim's privileged medical records relating to her mental health and emotional condition; 3) his trial was "marred" by prosecutorial misconduct; 4) there was insufficient evidence to support his conviction; 5) various witnesses gave false testimony; and 6) the trial court coerced the jury into making a rushed decision. The Minnesota Court of Appeals rejected Petitioner's arguments and affirmed his conviction.

Petitioner sought review from the Minnesota Supreme Court, raising the following issues: 1) ineffective assistance of counsel; and 2) that the trial court erred in denying his discovery motion. The Minnesota Supreme Court denied review on October 21, 2003. In January of 2004, Petitioner brought a motion for post-conviction relief in the state district court, asking that his conviction be vacated and set aside for the following reasons: 1) ineffective assistance of appellate counsel; 2) his Sixth

Amendment right to confrontation was violated; 3) prosecutorial misconduct; and 4) wrongful admission of hearsay evidence. On April 8, 2004, the state district court denied Petitioner's motion.

On August 27, 2004, Petitioner filed his Petition, alleging that: 1) he was denied his Sixth Amendment right to confrontation; 2) he was denied effective assistance of counsel; 3) state witnesses gave false testimony; and 4) the evidence was insufficient to support his conviction. The Magistrate Judge recommended that the Petition be dismissed with prejudice finding that Petitioner had procedurally defaulted each of his claims. This Court adopted the Report and Recommendation and dismissed Petitioner's claims with prejudice.

Petitioner now asks the Court to issue a COA on the four grounds he alleged in his Petition: 1) denial of his Sixth Amendment right to confrontation; 2) denial of effective assistance of counsel; 3) false testimony by two of the state's witnesses; and 4) insufficient evidence to support his conviction. Request for COA, at 2-3.

## II.   DISCUSSION

### A.   Request for a Certificate of Appealability

A prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district courts cannot grant a COA unless

the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not be granted simply because the appeal is pursued in good faith and raises a non-frivolous issue.  See Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir.1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate under 28 U.S.C. § 2253").  Instead, the prisoner must satisfy a higher standard, showing that the issues to be raised on appeal are debatable among reasonable jurists, "that different courts could resolve the issues differently," or that the issues otherwise warrant further review.  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994) (citing Lozado v. Deeds, 498 U.S. 430, 432, (1991) (per curiam)); see also Cox v. Norris, 133 F.3d 565, 569 (8th Cir.1997), cert. denied, 525 U.S. 834 (1998).

When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In seeking a COA, Petitioner does not contest the finding that he procedurally defaulted the claims at issue.  Rather, he merely restates his underlying claims in his application for a COA.  It is well settled that a state prisoner's claims will be procedurally defaulted where he has failed to exhaust his state court remedies and state procedural rules preclude further attempts to satisfy the exhaustion requirement.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997).  Such is the case here, as fully explained by the Magistrate Judge, and Petitioner has given the Court no reason to question the finding of procedural default.  After again considering the record in this matter, the Court deems the issues raised by Petitioner are not debatable among reasonable jurists, and Petitioner's request for a COA must be denied.

## B.  Application to Proceed Without Prepayment of Fees

Petitioner's application reveals that in the six-month period immediately preceding the filing of the notice of appeal, Petitioner had average monthly deposits of $133.61 and an average monthly balance of $126.10.  The Court finds that Petitioner is financially eligible for IFP status.  Plaintiff is thus excused from paying the appeals fee.

Accordingly, based upon the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner's request for a Certificate of Appealability [Docket No. 17] is **DENIED**;

2. Petitioner's Application to Proceed Without Prepayment of Fees [Docket No. 18] is **GRANTED**.

Dated: May 15, 2006

                                        s / Michael J. Davis
                                        Michael J. Davis
                                        United States District Court Judge